# EXHIBIT A

# EXHIBIT A
# TABLE OF CONTENTS

| Name | Exhibit No. | List of Exhibits |
|------|-------------|------------------|
| Acosta, Cynthia | A-1 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. Plaintiffs' Reply to Defendant American Home Products Corporation's Opposition to Plaintiffs' Motion to Remand<br>e. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Supplemental Exhibits to Opposition to Remand<br>f. AHP's Second Supplemental Memorandum in Support of its Motion to Transfer to Section R and/or for Stay of Proceedings Pending Transfer to MDL<br>g. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Supplemental Authorities on Transfer and Stay Issues<br>h. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Second Supplemental Memorandum on Stay Motion<br>i. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>j. Response to Removal Order<br>k. Motion to Substitute Original Consents to Removal |
| Alfonso, Erilda | A-2 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and IncorporatedMemorandum<br>c. Plaintiff's Request for Oral Argument on Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages |

| Areaux, Millie | A-3 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
|---|---|---|
| Armstrong, Paula T | A-4 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Motion for Leave to File Supplemental Memorandum in Opposition to Motion to Remand<br>f. Wyeth's Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>g. Response to Removal Order |
| August, Flora | A-5 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Barrie, Dorothy | A-6 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Benn, Helen | A-7 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>f. Plaintiff's Request for Oral Argument on Motion to Remand<br>g. Notice of Hearing<br>h. Wyeth's Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>i. Wyeth's Motion for Leave to File Supplemental Memorandum in Opposition to Motion to Remand |

| | | |
|---|---|---|
| | | j.  Response to Removal Order |
| Benquist, Dolores | A-8 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand<br>c.  Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d.  Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Bergeron, Rosalie | A-9 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c.  American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d.  American Home Products Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Supplemental Exhibits to Opposition to Remand<br>e.  American Home Products Supplemental Memorandum in Support of it's Opposition to Plaintiffs' Motion to Remand |
| Bonvillian, Linda | A-10 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c.  American Home Products Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d.  Plaintiff's Request for Oral Argument on Motion to Remand<br>e.  American Home Products Defendants' Motion, and Incorporated Memorandum in Support, For Leave to File Memorandum in Excess of 25 Pages |
| Boudreaux, Melanie | A-11 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand and Incorporated Memorandum<br>c.  American Home Products Corporation's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Breaux, Ronald | A-12 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand<br>c.  Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d.  Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Daigle, Roselyn | A-13 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand<br>c.  Plaintiffs' Memorandum of Law in Support |

| | | |
|---|---|---|
| | | of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>f. Wyeth's Second Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Elstrott, Janice | A-14 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Fabre, Elizabeth | A-15 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>f. Wyeth's Second Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Hegeman, Katherine | A-16 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| James, Konnee et al. | A-17 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Kershenstine, Paula | A-18 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>d. Wyeth's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand |

| Kidd, Shavonda | A-19 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
|---|---|---|
| King, Grace et al. | A-20 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Logos, Audrey | A-21 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Response to Removal Order<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Norwood, Elaine Green | A-22 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Porche, Cynthia | A-23 | a. Notice of Removal<br>b. Intervenors' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Opposition to Plaintiffs' Motion to Remand<br>d. Plaintiff's Reply to Defendant American Home Products Corporation's Opposition to Plaintiffs' Motion to Remand |
| Smallwood, Gina | A-24 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Smith, Alan | A-25 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in |

| | | |
|---|---|---|
| | | Opposition to Plaintiffs' Motion to Remand<br>f. Wyeth's Second Supplemental Memorandum in Opposition to Plaintiffs Motion to Remand |
| Smith, Delores | A-26 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Tapp, Barbara | A-27 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Williams, Bobbie L. | A-28 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Williams, Catherine | A-29 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Womack, Gail M. | A-30 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |

# EXHIBIT B

# EXHIBIT B

| | PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|---|
| 1. | Acosta, Cynthia | ACOSTA | 12/4/01 | 02-21043 | No | Y | Y | |
| 2. | Adams, Sophia | | | | | Y | Y | |
| 3. | Allen, Gladys | | | | | Y | Y | |
| 4. | Andrews, Mildred | | | | | Y | Y | |
| 5. | Austin, Marenda | | | | | Y | Y | |
| 6. | Bartholomew, Olivia | | | | | Y | Y | |
| 7. | Bates, Kim | | | | | Y | Y | |
| 8. | Benn, Rachelle | | | | | Y | Y | |
| 9. | Bertrand, Sylvia | | | | | Y | Y | |
| 10. | Bonnette, Robert | | | | | Y | Y | |
| 11. | Bonvillian, Linda | | | | | Y | Y | |
| 12. | Bordelon, Donna | | | | | Y | Y | |
| 13. | Boyle, Barbara | | | | | Y | Y | |
| 14. | Brown, Cheryl | | | | | Y | Y | |
| 15. | Brown, Nell | | | | | Y | Y | |
| 16. | Bruno, Michelle | | | | | Y | Y | |
| 17. | Burrell, Morrea | | | | | Y | Y | |
| 18. | Chapoton, Stephanie | | | | | Y | Y | |
| 19. | Charles, Lisa | | | | | Y | Y | |
| 20. | Coleman, Darlene | | | | | Y | Y | |
| 21. | Daniels, Denise | | | | | Y | Y | |
| 22. | Daniels, Elise | | | | | Y | Y | |
| 23. | Danos, Pamela | | | | | Y | Y | |
| 24. | Dor, William Patrick | | | | | Y | Y | |
| 25. | Doyle, Georgia | | | | | Y | Y | |
| 26. | Durand, Jacquelyn | | | | | Y | Y | |
| 27. | Elgin, Gregory | | | | | Y | Y | |
| 28. | Evans, Christine | | | | | Y | Y | |
| 29. | Fassbender, Lolly | | | | | Y | Y | |
| 30. | Fava, Tonya | | | | | Y | Y | |
| 31. | Fentress, Dora | | | | | Y | Y | |

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 32. Francis, Beverly | | | | | Y | Y | |
| 33. Gaines, Brenda | | | | | Y | Y | |
| 34. Green, Gail | | | | | Y | Y | |
| 35. Jenson, Gwen Boyes | | | | | Y | Y | |
| 36. Jones, Litena | | | | | Y | Y | |
| 37. Kaufman, Connie | | | | | Y | Y | |
| 38. Klees, Stacey | | | | | Y | Y | |
| 39. Labatut, Susan | | | | | Y | Y | |
| 40. Lear, Kathy | | | | | Y | Y | |
| 41. Lee, Gwendolyn | | | | | Y | Y | |
| 42. Mallard, Linda | | | | | Y | Y | |
| 43. Mar, Charleen | | | | | Y | Y | |
| 44. Maunoir, Rhonda Labat | | | | | Y | Y | |
| 45. Mayeaux, Barbara | | | | | Y | Y | |
| 46. Mayeaux, Donald | | | | | Y | Y | |
| 47. McCurdy, Terrie | | | | | Y | Y | |
| 48. McDaniel, Danita | | | | | Y | Y | |
| 49. McElroy, Paula B. | | | | | Y | Y | |
| 50. McGee, Doris | | | | | Y | Y | |
| 51. McKinney, Louvenia | | | | | Y | Y | |
| 52. McLeod, Kathy | | | | | Y | Y | |
| 53. Merrick, Ruby | | | | | Y | Y | |
| 54. Mire, Jay | | | | | Y | Y | |
| 55. Moran, Kathleen | | | | | Y | Y | |
| 56. Ned, Martha | | | | | Y | Y | |
| 57. Nini, Susan Speigel | | | | | Y | Y | |
| 58. Norris, Cynthia | | | | | Y | Y | |
| 59. O'Rourk, Irwin | | | | | Y | Y | |
| 60. Peneguy, Edwin | | | | | Y | Y | |
| 61. Petticrew, Linda | | | | | Y | Y | |
| 62. Poceh, Jamieson | | | | | Y | Y | |
| 63. Rainey, Vernita | | | | | Y | Y | |
| 64. Ramirez, Brenda | | | | | Y | Y | |
| 65. Ramogase, Samantha | | | | | Y | Y | |

- 2 -

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 66. Reed, Regina | | | | | | | |
| 67. Robinson, Nicole | | | | | | | |
| 68. Roy, Burnett | | | | | | Y | |
| 69. Rushing, Janell | | | | | Y | Y | |
| 70. Sanmartin, Eva | | | | | Y | Y | |
| 71. Savoie, Julie | | | | | Y | Y | |
| 72. Schwan, Rhonda | | | | | Y | Y | |
| 73. Scott, Jacqueline | | | | | Y | Y | |
| 74. Silva, Kristen | | | | | Y | Y | |
| 75. Songy, Roy | | | | | Y | Y | |
| 76. Stevens, Victoria | | | | | Y | Y | |
| 77. Turner, Sybil | | | | | Y | Y | |
| 78. Usey, Kirk | | | | | Y | Y | |
| 79. Vedros, Lilia | | | | | Y | Y | |
| 80. Washington, Bernita | | | | | Y | Y | |
| 81. Williams, Janine | | | | | Y | Y | |
| 1. Alfonso, Erilda | **ALFONSO INTERVENTION (PEGGY MARTINEZ ET AL.)** | 12/04/01 (Petition for Intervention) | 02-20135 | No | Y | Y | |
| 2. Bracey, Susan | | | | | Y | Y | |
| 3. Braquet, Betty | | | | | Y | Y | |
| 4. Bridges, Lechall | | | | | Y | Y | |
| 5. Bynes, Maura Currera | | | | | Y | Y | |
| 6. Cardinale, Louis | | | | | Y | Y | |
| 7. Constant, Gladys | | | | | Y | Y | |
| 8. Dothy, Gail | | | | | Y | Y | |
| 9. Doubleday, Biana | | | | | Y | Y | |
| 10. Dufrene, Marion | | | | | Y | Y | |
| 11. Durapau, Toni L. | | | | | Y | Y | |
| 12. Eumont, Audrey | | | | | Y | Y | |
| 13. Flores, Julietta | | | | | Y | Y | |
| 14. Galley, Adam | | | | | Y | Y | |
| 15. Gaudet, Karen | | | | | Y | Y | |
| 16. Hill, Cynthia | | | | | Y | Y | |

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 17. Karlow, Norma | | | | | Y | Y | |
| 18. Kemp, Betty B. | | | | | Y | Y | |
| 19. Kessling, Harold | | | | | Y | Y | |
| 20. Kirsch, Linda M. | | | | | Y | Y | |
| 21. Knight, Donna | | | | | Y | Y | |
| 22. Lassus, Germaine W. | | | | | Y | Y | |
| 23. Lilly, Diane | | | | | Y | Y | |
| 24. Manzella, Charlene | | | | | Y | Y | |
| 25. McKenna, Wayne | | | | | Y | Y | |
| 26. Owen, Mary | | | | | Y | Y | |
| 27. Penney, Audrey | | | | | Y | Y | |
| 28. Perez, Wanda | | | | | Y | Y | |
| 29. Powel, Dianne | | | | | Y | Y | |
| 30. Rodrigue, Pretissa | | | | | Y | Y | |
| 31. Sallinger, Nicholas | | | | | Y | Y | |
| 32. Sanchez, Susan | | | | | Y | Y | |
| 33. Troslair, Tonie D. | | | | | Y | Y | |
| 34. Vacarella, John | | | | | Y | Y | |
| 1. Areaux, Millie | AREAUX | 8/1/02 | 02-20239 | PTO 4616 | Y | | |
| 2. Topey, Thelma | | | | | Y | | |
| 3. Smith, Sandra L. | | | | | Y | | |
| 4. Lilly, Carolyn | | | | | Y | | |
| 5. Harwell, Noel | | | | | Y | | |
| 6. Douglas, Patricia N. | | | | | Y | | |
| 7. Duvelih, Terry D. | | | | | Y | | |
| 1. Armstrong, Paula T | ARMSTRONG | 09/30/02 | 02-20138 | PTO 4615 | Y | | |
| 2. Bell, Lester | | | | | Y | | |
| 3. Birden, Tracy | | | | | Y | | |
| 4. Berkel, Jacqueline | | | | | Y | | |
| 5. Broussard, Aquanell | | | | | Y | | |
| 6. Brown, Edelina M. | | | | | Y | | |
| 7. Burke, Brunnette | | | | | Y | | |
| 8. Buisson, Gloria | | | | | Y | | |
| 9. Causey, Tashia | | | | | Y | | |
| 10. Conerly-Smith, Cathy | | | | | Y | | |

- 4 -

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 11. Constant, Patty | | | | | Y | | |
| 12. Corey, Viola | | | | | Y | | |
| 13. Crat, Dorothy | | | | | Y | | |
| 14. Craig, Ulylessia | | | | | Y | | |
| 15. Curtis, Kathy | | | | | Y | | |
| 16. Davis, Tammy | | | | | Y | | |
| 17. Douglas, Danise | | | | | Y | | |
| 18. Galdamez, Tanya | | | | | Y | | |
| 19. Graves, Sharon | | | | | Y | | |
| 20. Green, Evelyn | | | | | Y | | |
| 1. August, Flora | AUGUST | 10/01/02 | 03-20150 | PTO 4615 | Y | | |
| 2. Andrews, Donna | | | | | Y | | |
| 3. Burns, Linda C. | | | | | Y | | |
| 4. Biro, Yvonne | | | | | Y | | |
| 5. Blair, Jacqueline | | | | | Y | | |
| 6. Brown, Elvar M. | | | | | Y | | |
| 7. Davis, Linda S. | | | | | Y | | |
| 8. Davis, Yvette | | | | | Y | | |
| 9. Burgman, Roxanne | | | | | Y | | |
| 10. Taylor, Kimberly | | | | | Y | | |
| 11. Hottel, Angel O. | | | | | Y | | |
| 1. Barrie, Dorothy | BARRIE | 8/30/02 | 03-20114 | N/A | | Y | Y |
| 1. Benn, Helen | BENN | 7/12/02 | 03-20096 | PTO 4622 | Y | Y | |
| 2. Fazio, Thomas | | | | | Y | Y | |
| 1. Benquist, Dolores | BENQUIST | 8/7/02 | 02-20244 | PTO 4621 | Y | | |
| 2. Chautin, Brenda Lee | | | | | Y | | |
| 3. Sirigne, Stacey | | | | | Y | | |
| 4. Jeter, Sheila | | | | | Y | | |
| 1. Bergeron, Rosalie | BERGERON | 12/4/01 | 02-20136 | No | Y | Y | |
| 2. Livas, Shawnell | | | | | Y | Y | |
| 3. Rousseau, Kim | | | | | Y | Y | |
| 4. Smith, Katherine | | | | | Y | Y | |
| 1. Bonvillian, Linda | BONVILLIAN INTERVENTION (ANN FRANZ ET | 11/30/01 | 02-20130 | No | Y | Y | |

- 5 -

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| | AL.) | | | | | | |
| 2. Bartholomew, Olivia | | | | | | | |
| 3. Bordelon, Donna P. | | | | | | Y | |
| 4. Charles, Lisa | | | | | | Y | |
| 5. Fava, Tonya | | | | | | Y | |
| 6. Fentress, Dora | | | | | | Y | |
| 7. Hodes, Howard | | | | | | Y | |
| 8. O'Rourk, Irwin | | | | | | Y | |
| 9. Robinson, Nicole | | | | | | Y | |
| 10. Roy, Burnett | | | | | | Y | |
| 11. Songy, Roy L. | | | | | | Y | |
| 12. Vedros, Lilia | | | | | | Y | |
| 1. Boudreaux, Melanie | BOUDREAUX | 12/4/01 | 02-20133 | PTO 4520 | Y | | |
| 2. Scott, Darlene | | | | | Y | | |
| 1. Breaux, Ronald | BREAUX | 7/16/02 | 03-20136 | PTO 4618 | Y | Y | |
| 2. Robertson, Adriena | | | | | Y | Y | |
| 3. Davenport, Gwendolyn | | | | | | | |
| 4. Normand, Margie | | | | | | Y | |
| 1. Daigle, Roselyn et al | DAIGLE | 8/01/02 | 03-20130 | No | Y | | |
| 2. Marshal, Trudy | | | | | Y | | |
| 3. Reyes, Judy | | | | | Y | | |
| 4. Stephens, Patricia | | | | | Y | | |
| 5. Fourcade, Elinor | | | | | Y | | |
| 6. Frederick, Cheryl | | | | | Y | | |
| 7. Harris, Jackson, Sr. | | | | | Y | | |
| 8. Danos, Timothy | | | | | Y | | |
| 9. Bell, Lisa | | | | | Y | | |
| 10. Tredanari, Betsy Berry | | | | | Y | | |
| 11. Meges, Tonya | | | | | Y | | |
| 1. Elstrott, Janice | ELSTROTT | 12/4/01 | 02-20134 | PTO 4619 | Y | Y | |
| 1. Fabre, Elizabeth et al | FABRE | 8/29/02 | 03-20131 | PTO 4606 | Y | | |
| 2. Daboub, Flor de Maria | | | | | Y | | |
| 3. Phillips, Patricia | | | | | Y | | |
| 4. Peterson, Patrick | | | | | Y | | |

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 5. Rogers, Wade E. | | | | | | | |
| 6. Lazard, Sylvia T. | | | | | | | |
| 7. Guidry, Jacquelyn | | | | | | | |
| 8. Nolan, Karen | | | | | | | |
| 9. Bersuder, Caren M. | | | | | | | |
| 10. Domino, Joann M. | | | | | | | |
| 11. Sandras, Linda G. | | | | | | | |
| 12. Orsin, Carolyn | | | | | | | |
| 13. Harrell, Marilyn | | | | | | | |
| 1. Hegeman, Katherine | HEGEMAN | 11/7/02 | 03-20151 | PTO 4607 | Y | | Y |
| 2. Hegeman, Doris | | | | | Y | | Y |
| 3. Yuratich, Debbie | | | | | Y | | Y |
| 4. Langston, Mary | | | | | Y | | Y |
| 5. Mull, Terri | | | | | Y | | Y |
| 6. Mecom, Deborah | | | | | Y | | |
| 1. James, Konnee et al | JAMES | 10/8/02 | 03-20064 | PTO 4599 | Y | | |
| 2. McCorkle, Jacqueline E. | | | | | Y | | |
| 3. Plaisance, Joan | | | | | Y | | |
| 4. Hebert, Elizabeth C. | | | | | Y | | |
| 5. Kelly, Charlene | | | | | Y | | |
| 6. James, Sharon A. | | | | | Y | | |
| 7. Wood, Margaret | | | | | Y | | |
| 8. Small, Jerome | | | | | Y | | |
| 9. Preen, Mary D. | | | | | Y | | |
| 10. Williams, Bobbie | | | | | Y | | |
| 11. Shipley, Denise | | | | | Y | | |
| 12. Bonilla, Jody | | | | | Y | | |
| 1. Kershenstine, Paula | KERSHENSTINE | 11/07/03 | 03-20169 | N/A | Y | | Y |
| 1. Kidd, Shavonda | KIDD | 7/16/02 | 02-20224 | PTO 4597 | Y | Y | |
| 2. Johnson, Mildred | | | | | Y | Y | |
| 3. Gaines, Patricia | | | | | Y | Y | |
| 4. Cooper, Tracy | | | | | Y | Y | |
| 5. Collins, Angela | | | | | Y | Y | |
| 1. King, Grace et al. | KING | 10/29/02 | 03-20132 | No | Y | | |

- 7 -

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 2. Kightell, Debra | | | | | Y | | |
| 3. Robert, James J. Jr. | | | | | Y | | |
| 4. Riley, Danny Ferrill | | | | | Y | | |
| 5. Recasner, Lisa | | | | | Y | | |
| 6. Ragas, Beverly N. | | | | | Y | | |
| 7. Taylore, Lula Mae (estate of) | | | | | Y | | |
| 8. Young, Paula | | | | | Y | | |
| 9. Lee, Linda | | | | | Y | | |
| 10. Moton, Maxine A. | | | | | Y | | |
| 11. Peuler, Bernard (estate of) | | | | | Y | | |
| 12. Morgan, Valerie | | | | | Y | | |
| 13. Meza, Lourdes | | | | | Y | | |
| 1. Logos, Audrey | LOGOS | 7/6/04 | 04-02132 | N/A | Y | | |
| 1. Norwood, Elaine Green | NORWOOD | 8/29/02 | 03-20390 | PTO 4611 | Y | | Y |
| 2. Theriot, Kathy | | | | | Y | | |
| 3. Hargrave, Jessica | | | | | Y | | |
| 4. Romain, Tracy Hull | | | | | Y | | |
| 5. Watson, Marita Sims | | | | | Y | | |
| 6. Reed, Edna | | | | | Y | | |
| 7. Cortez, Susan | | | | | Y | | |
| 8. Johnson, Sethany | | | | | Y | | |
| 9. Landry, Donna | | | | | Y | | |
| 10. Rankin, Regina | | | | | Y | | |
| 11. Edwards, Shirley | | | | | Y | | |
| 12. Stewart, Ruby | | | | | Y | | |
| 13. Mitchell, Kermit | | | | | Y | | |
| 14. Scott, Elaine | | | | | Y | | |
| 15. Jones, Elaine | | | | | Y | | |
| 16. Taquino, Thomas | | | | | Y | | |
| 1. Porche, Cynthia | PORCHE INTERVENTION (CATHY | 12/4/01 | 02-20131 | No | Y | Y | |

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| | CHERAMIE ET AL.) | | | | | | |
| 2. Guidry, Cheryl | | | | | | Y | |
| 3. Ketchens, Bridgette | | | | | | Y | |
| 1. Smallwood, Gina | SMALLWOOD | 7/7/03 | 03-20430 | PTO 4610 | Y | | Y |
| 2. Labiche, William | | | | | Y | | Y |
| 3. Pumila, Joann | | | | | Y | | Y |
| 4. Somme, Jenne | | | | | Y | | Y |
| 5. Ruiz, Myrna C. | | | | | Y | | Y |
| 6. Burkhardt, Lisa | | | | | Y | | Y |
| 7. Pichon, Joan | | | | | Y | | Y |
| 8. Hagan, Hector | | | | | Y | | Y |
| 9. Bell, Shirley | | | | | Y | | Y |
| 10. Neal, Tanyell | | | | | Y | | Y |
| 11. Borel, Kim | | | | | Y | | Y |
| 12. Dusenbury, Timothy F. | | | | | Y | | Y |
| 13. Mattingly, Carolyn | SMITH, A. | 8/29/02 | 03-20139 | PTO 4614 | Y | | Y |
| 1. Smith, Alan | | | | | Y | | |
| 2. Sapp, Clinton | | | | | Y | | |
| 3. Miler, Tammy N. | | | | | Y | | |
| 4. Dawson, Rhonda B. | | | | | Y | | |
| 5. Dagons, S. | | | | | Y | | |
| 6. Rosenthal-Tucker, Cynthia | | | | | | | |
| 7. Denison, Mary E. | | | | | Y | | |
| 8. Mones-Woodruff, Ruthie | | | | | Y | | |
| 9. Dauterive, Ronald | | | | | Y | | |
| 10. Chittenden, Roberta | | | | | Y | | |
| 1. Smith, Delores T. | SMITH INTERVENTION (SANDRA ANDERSON ET AL.) | 11/27/01 (Anderson) | 02-20135 | No | Y | Y | |
| 2. Williams, Cynthia | | | | | Y | Y | |

| PLAINTIFF | CASE | COMPLAINT DATE | MDL # | SEVERANCE ORDER | PHENTERMINE DEFENDANT NAMED? | PHYSICIAN DEFENDANT NAMED? | SALES REP DEFENDANT NAMED? |
|---|---|---|---|---|---|---|---|
| 1. Tapp, Barbara | TAPP | 11/22/02 | 03-20115 | PTO 4613 | | | Y |
| 2. Hammler, Alice | | | | | | | Y |
| 3. Hoofkin, Shalanda | | | | | | | Y |
| 4. Wingate, Margaret | | | | | | | Y |
| 5. Lemoine, Ellen | | | | | | | Y |
| 6. Tember, Aselina | | | | | Y | | Y |
| 7. Palmer, Peggy | | | | | Y | | Y |
| 8. Walker, Michelle | | | | | Y | | Y |
| 9. Hills, Margaret | | | | | Y | | Y |
| 10. Johnson, Sharon | | | | | Y | | |
| 11. Thomas, Diane | | | | | Y | | |
| 1. Williams, Bobbie L. | WILLIAMS, B. | 10/11/02 | 04-29780 | PTO 4609 | Y | | |
| 2. Lovoi-Robin, Lolita | | | | | Y | | |
| 3. Meyers, Arthur | | | | | Y | | |
| 4. Sercovich, Shaun | | | | | Y | | |
| 5. Cochrane, Laurence | | | | | Y | | |
| 6. Bauer, Merline C. | | | | | Y | | |
| 1. Williams, Catherine | WILLIAMS, C. | 2/11/03 | 03-20194 | PTO 4605 | Y | | Y |
| 2. Hebert, John | | | | | Y | | Y |
| 3. Gregoire, Chandra T. | | | | | Y | | Y |
| 4. Prudeaux-Hill, Marva | | | | | Y | | Y |
| 5. Rheams, Gwendolyn | | | | | Y | | Y |
| 6. Brown, Cheryl M. | | | | | Y | | Y |
| 7. McGee, Sherry | | | | | Y | | Y |
| 8. Jeffrey, Roland P., Jr. | | | | | Y | | Y |
| 9. Kacynski, Rachel | | | | | Y | | Y |
| 10. Franklin, James | | | | | Y | | Y |
| 11. Harkless, Ruby | | | | | Y | | Y |
| 12. Hefler, Glynn | | | | | Y | | Y |
| 13. Jones, Doris | | | | | | | Y |
| 1. Womack, Gail | WOMACK | 8/29/03 | 03-20549 | N/A | | | Y |

- 10 -

# EXHIBIT C

## AFFIDAVIT OF VICKI KILCLINE

Before me, a notary public in and for said County and State, personally appeared Vicki Kilcline, who being by me duly sworn, deposes on oath and says:

1.    My name is Vicki Kilcline. I am over the age of eighteen years and make this affidavit based upon my personal knowledge.

2.    I have been employed by Wyeth, formerly known as American Home Products Corporation, since 1987. From approximately 1990 until 2002, I held the position of area account director. From 2002 until the present, I have held the position of area account manager.

3.    While Redux was on the market, I never visited any private healthcare provider or supervised any Wyeth sales representative or area account manager who visited any private healthcare provider. During that time, my responsibility was to call on academic teaching accounts and supervise Wyeth employees who were responsible for academic teaching accounts.

4.    I never advertised, assembled, created, designed, detailed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted Pondimin or the fen-phen combination (fenfluramine-phentermine) or trained anyone to do so. I never left samples of Pondimin with any healthcare provider. No one I have supervised as part of my responsibilities for Wyeth ever advertised, created, designed, detailed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted Pondimin or the fen-phen combination. I had no involvement in the development or preparation of package inserts for Pondimin and had no control over the content of those inserts or over other written warnings related to that drug. I did not answer questions from doctors about Pondimin

and I never promoted that drug. Indeed, I had no reason to promote Pondimin because I received no credit, commission, or bonus based on Pondimin sales.

5.    I never assembled, created, designed, distributed, labeled, made, manufactured, packaged, sterilized, supplied, tested, or warranted Redux, or trained anyone to do so. I never left samples of Redux with any healthcare provider. I had no involvement in the development or preparation of package inserts for Redux, and had no control over the content of those inserts or over other written warnings related to that drug.

6.    As part of my duties, I provided licensed healthcare providers with FDA-approved informational materials about Redux. I also trained the Wyeth sales representatives I supervised to provide licensed healthcare providers with FDA-approved materials about Redux. My knowledge of Redux was derived exclusively from education provided to me by Wyeth. Wyeth provided me with the FDA-approved package insert and other information regarding Redux.

7.    I was not aware of any alleged association between Pondimin and/or Redux and valvular heart disease until the time such an allegation was first publicized. I was not aware before that time of any study, report or other literature which claimed that an association exists between Pondimin and/or Redux and valvular heart disease or that anyone had alleged such an association. I was not aware of any information in Wyeth's possession concerning such an association. Thus, I could not have informed doctors or diet drug users of any alleged association between Pondimin and/or Redux and valvular heart disease. I never intentionally misrepresented the safety, efficacy or state of testing of Pondimin or Redux alone or in combination with phentermine to any licensed healthcare provider or to any diet drug user.

8.     I am not a medical doctor or pharmacist. I have no specialized medical or pharmacological education, except what I received from Wyeth.

9.     I was not expected, as area account director or area account manager, to conduct independent research regarding the drugs I detailed, and did not do so. I was not expected to, and did not, review independent scientific studies published in journals unless they were supplied to me by Wyeth.

10.     At no time have I ever distributed or supplied the diet drugs Redux, Pondimin, or phentermine to healthcare providers, pharmacies, or anyone else.

11.     I made no representations regarding Pondimin, Redux, phentermine, or the "fen-phen" combination, whether by way of promotion or advertising or otherwise to the general public.

Vicki Kilcline

Sworn to and subscribed before me this 6th day of April, 2005.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

# EXHIBIT D

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 22 2003

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| URSURA WESTBROOK, ET VIR. | : | DOCKET NO. 03-1918 |
| VS. | : | JUDGE MINALDI |
| WYETH, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' Motion to Remand [doc. # 12].[1]

### Background

On September 12, 2003, Ursura Westbrook and Donald Westbrook filed the instant suit
in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made
defendants were: Wyeth, Michael J. Wicks, and Kevin S. Brown. The petition alleges that
Ursura Westbrook suffered severe injury to her heart valves due to her use of prescription diet
drugs, dexfenfluramine ("redux") and/or fenfluramine ("pondimin"), that were manufactured or
promoted by defendants. (Petition, ¶¶ 11-13, 84, 87).

On October 17, 2003, Wyeth removed the case to federal court on the basis of diversity
jurisdiction. 28 U.S.C. § 1332. Plaintiffs are Louisiana citizens. (Notice of Removal, ¶ 5).
Wyeth is a Delaware corporation, with its principal place of business in New Jersey. Id. at ¶ 6.
However, individual defendants, Michael J. Wicks, and Kevin S. Brown, are citizens of
Louisiana for purposes of diversity. Id. at ¶ 7. To circumvent the obvious lack of diversity

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. §
636(b)(1)(A).

VW-533

between plaintiffs and the individual defendants, Wyeth alleged in its notice of removal that plaintiffs have no reasonable possibility of recovery against the non-diverse parties; and thus, their presence should be disregarded for purposes of determining diversity (*i.e.* "fraudulent joinder"). *Id.* Plaintiffs disagree with Wyeth's assessment of their claims against Wicks and Brown. Accordingly, on November 13, 2003, the Westbrooks filed the instant motion to remand alleging lack of subject matter jurisdiction due to incomplete diversity. 28 U.S.C. § 1332.[2]

On November 17, 2003, the undersigned issued a minute entry notifying the parties that if the court found that plaintiffs had reasonable possibility of recovery against Michael J. Wicks, and Kevin S. Brown, then summary judgment would be recommended *sua sponte* in favor of said defendants. Parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the relevant issue(s). The delays have expired, and the matter is now before the court.

### Fraudulent Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). If jurisdiction is alleged on the basis that non-diverse parties have been fraudulently joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court."

---

[2] Plaintiff does not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See*, 28 U.S.C. § 1332. Moreover, we have reviewed plaintiff's allegations and the Notice of Removal. We are satisfied that plaintiff's claims exceed the jurisdictional minimum.

2

*Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)(citing, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Here, Wyeth does not dispute that Wicks and Brown are Louisiana citizens. Accordingly, our focus is the second basis for fraudulent joinder. *See, Travis, supra.* In resolving this issue, we must determine,

> whether [plaintiff] has *any possibility of recovery* against the party
> whose joinder is questioned. If there is arguably a *reasonable*
> *basis* for predicting that the state law might impose liability on the
> facts involved, then there is no fraudulent joinder. This *possibility*,
> however, must be reasonable, not merely theoretical.

*Travis, supra* (quoting, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(emphasis added; internal citation and quotations omitted)).

The district courts may "pierce the pleadings" and entertain summary judgment-type evidence; but we must also consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.*

### Discussion

Plaintiffs allege that Wicks and Brown were Wyeth sales representatives who promoted Pondimin and/or Redux diet drugs to physicians. (Petition, ¶ 84). Plaintiffs further allege that Wicks and Brown knowingly provided misleading and false information regarding the safety of Pondimin and/or Redux. *Id.* These acts contributed to plaintiffs' damages. *Id.*

In its opposition to remand, Wyeth adduced a copy of a "Blue Form" wherein Ursula Westbrook indicated under penalty of perjury that she was only prescribed, and only consumed Pondimin. (Def. Exh. Q). However, Wicks and Brown never promoted Pondimin. (Def. Exhs. R & S). They also did not leave samples with the physicians. *Id.* Furthermore, Wicks and Brown were not aware of any association between Pondimin and Redux and valvular heart

3

VW-533

disease until it was first publicized by the media in September 1997. *Id.* In sum, Wicks and

Brown did not breach any duty owed to plaintiffs which could have caused their damages. *See*

*generally, Mundy v. Dept. of Health & Human Res.*, 620 So.2d 811, 813 (La. 1993).[3]

Accordingly, the uncontroverted evidence establishes that plaintiffs do not have a

reasonable possibility of recovery against the individual defendants.[4] Having found that

plaintiffs have no reasonable possibility of recovery against the non-diverse defendants, their

presence must be disregarded for purposes of determining diversity. The remaining parties

(plaintiffs and Wyeth) are completely diverse. We may properly exercise subject matter

jurisdiction. 28 U.S.C. § 1332.

As noted by the Fifth Circuit, "[s]ummary judgment will always be appropriate in favor

of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck &*

*Co.*, 893 F.2d 98, 102 (5th Cir.1990). We have found that plaintiffs have no reasonable

possibility of recovery against defendants, Michael J. Wicks, and Kevin S. Brown. Accordingly,

it is appropriate to enter summary judgment in favor of said defendants, dismissing with

---

[3] We further observe that the only duty owed by detailmen is to deliver and explain the new package inserts to the physicians in their territory. *Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1st Cir. 1988), *writ denied*, 539 So.2d 630 (La. 1989). However, plaintiffs' petition is devoid of any specific allegations that the detailmen failed to provide the product insert to her physician(s) or that they failed to explain the product insert. *See, Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action). Thus, on its face, plaintiffs' petition does not state a cause of action against the non-diverse defendants.

[4] Donald Westbrook's loss of consortium claim is derivative of Ursura Westbrook's claim; and disposition of the latter claim compels the same disposition of the former. *See, Dumas v. Angus Chemical Co.*, 728 So.2d 441, 452 (La. App. 2d Cir. 1999); *Benavides v. County of Wilson*, 955 F.2d 968, 975 (5th Cir. 1992).

4

prejudice plaintiffs' claims against them.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 12] be DENIED.

IT IS FURTHER RECOMMENDED that judgment be entered in favor of defendants, Michael J. Wicks, and Kevin S. Brown, dismissing with prejudice plaintiffs' claims against said defendants only.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of December, 2003.

COPY SENT:
DATE: 12/22/03
BY: ____
TO: ____

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

5

VW-533

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

FEB - 2 2004

ROBERT H. SHEMWELL, CLE
BY
DEPUT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| URSURA WESTBROOK, ET VIR. | : | DOCKET NO. 03-1918 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| WYETH, ET AL. | : | MAGISTRATE JUDGE WILSON |

### JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein and after an independent review of the record, and a *de novo* determination of the issues, and consideration of the objections filed herein, and having determined that the findings are correct under applicable law;

IT IS ORDERED that plaintiffs' motion to remand [doc. # 12] be, and it is hereby DENIED.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment be, and it is hereby entered in favor of defendants, MICHAEL J. WICKS, and KEVIN S. BROWN, dismissing with prejudice plaintiffs, URSURA WESTBROOK and DONALD WESTBROOK's claims against said defendants only.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2 day of _____, 2004.

JUDGMENT ENTERED
BY
COPY

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

02/03/04  TUE 13:37  [TX/RX NO 8267]  ☑001

VW-533